Ulysses L. CAMPBELL, Plaintiff,

v.

GREYHOUND LINES, INC., Defendant.

No. 85–8600–Civ.

United States District Court,
S.D. Florida.

April 17, 1987.

Florida Rural Legal Service, Inc., Ruthann Robson, Janice L. Jennings, West Palm Beach, Fla., for plaintiff.

James S. Bramnick and Paul C. Heidmann, Miami, Fla., for defendant.

## FINAL SUMMARY JUDGMENT

ROETTGER, District Judge.

THIS CAUSE is before the court on motion of defendant, Greyhound Lines, Inc., for an order of summary judgment on their behalf pursuant to Rule 56 of the Federal Rules of Civil Procedure. The court having heard the arguments of counsel and considered the record in this action, finds as follows.

Plaintiff, Ulysses L. Campbell, began working for defendant, Greyhound Lines, Inc., as a bus driver on May 10, 1971. Plaintiff sustained a back injury while lifting baggage in the course of his employment on March 29, 1982. After injuring his back in March of 1982, plaintiff was initially examined by Doctor Rivera, the physician to whom defendant's drivers went for their periodic physicals. Doctor Rivera referred plaintiff to Doctor Green, an orthopedic surgeon. Doctor Green released plaintiff without restriction to return to work in May of 1982 and at that time plaintiff resumed his duties as a bus driver for defendant.

On November 15, 1982, plaintiff once again injured his back while lifting freight during the course of his employment. Plaintiff once again saw Doctor Rivera and

Doctor Green. Doctor Green informed plaintiff at the initial appointment in November of 1982 that plaintiff could return to work in two weeks. Plaintiff chose not to return to work at that time as plaintiff felt that his back needed more time to recover.

Plaintiff subsequently requested that he be permitted to return to work in April of 1983. Defendant Greyhound arranged for plaintiff to be examined by Doctor Ford, an orthopedic surgeon. Plaintiff was examined by Doctor Ford in May of 1983 and Doctor Ford determined and recommended that plaintiff should not return to his job as a bus driver.

Due to his workers' compensation claim, plaintiff was examined by Doctor Green on June 21, 1984. Doctor Green informed plaintiff that plaintiff could return to work as a bus driver for defendant. Doctor Green advised defendant Greyhound, however, that plaintiff Campbell could not do any heavy lifting and bending. Defendant asserts and plaintiff concedes in his deposition that Greyhound bus drivers are required to lift packages and luggage up to one hundred pounds.

Plaintiff was also examined on September 9, 1984 by the Greyhound company doctor, Doctor Rivera, in connection with Plaintiff's workers' compensation claim. Doctor Rivera issued Plaintiff a Department of Transportation card that certified that plaintiff Campbell was qualified to return to his employment as a bus driver. Doctor Rivera, however, expressly conditioned plaintiff's work release upon the specialist, Doctor Green, approving plaintiff's return to work. Doctor Green had essentially released the plaintiff; the release, however, was conditional in that plaintiff was restricted from doing any heavy lifting and bending. Plaintiff never returned to Doctor Green and no other physician ever provided plaintiff Campbell with an unconditional release to resume his duties as a bus driver for defendant Greyhound.

Defendant, Greyhound Lines, Inc., refused to permit Plaintiff Campbell to resume his employment with defendant. By letter of July 19, 1984, Mr. John L. Perna, an Assistant District Manager for defendant Greyhound informed plaintiff that in order to be considered qualified to return to work as a bus driver, plaintiff's doctor must release plaintiff without restrictions. Mr. Perna states in the letter as follows:

"Since your job as a Greyhound driver requires you to do bending and lifting of packages and suitcases weighing up to 100 pounds, and Dr. Green stated 'you can not do any heavy lifting or bending', I find that you are not able to return to duty.

For you to be qualified to return to work your doctor must release you without the above-mentioned stipulations." (docket # 28)

Plaintiff Campbell subsequently brought the subject civil rights and employment discrimination action against defendant, Greyhound Lines, Inc. Jurisdiction is present in this court pursuant to 28 U.S.C. § 1331.

Plaintiff alleges that defendant refused to allow him to return to work, following the work related injury, due to his race (black). In order to prevail in a Title VII case, plaintiff has the initial burden of providing by a preponderance of the evidence a *prima facie* case of discrimination. *See, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Plaintiff Campbell, in a futile attempt at demonstrating racial intent, refers to two white bus drivers who were permitted to return to work after extended sick leaves by defendant, Greyhound Lines, Inc. The two white employees, Albert Strassburger and Basil Huett, were, however, both given unconditional releases to return to work by their doctors. Indeed, Mr. Strassburger initially received a conditional release to return to work due to the fact that he was taking prescription drugs. Defendant did not permit Mr. Strassburger to return to work until two years later when he was unconditionally released by his physician. *See* Affidavit of Randall C. Prevatt, exhibit

C to Defendant's Statement of Undisputed Facts, docket # 28. Plaintiff Campbell has, therefore, failed to show that he was treated differently than similarly situated white employees as required by *Nix v. WLCY Radio/Rahall Communications,* 738 F.2d 1181 (11th Cir.1984).

The two white employees to whom plaintiff Campbell refers were not in similar circumstances as plaintiff Campbell since both white employees were released by their doctors to return to work without restriction whereas plaintiff's work release was conditioned upon his not doing any heavy lifting or bending. Neither white employee was permitted to resume their duties until they received unconditional, unrestricted releases from their examining physicians. As was noted by the Eleventh Circuit Court of Appeals in *Nix,* "if an employer applies a rule differently to people it believes are differently situated, no discriminatory intent has been shown." 738 F.2d at 1186 (quoting *Chescheir v. Liberty Mutual Insurance Co.,* 713 F.2d 1142, 1148 (5th Cir.1983)).

In addition, plaintiff was treated identically to the two white employees the first time that plaintiff was injured. Upon obtaining the requisite unconditional work release, plaintiff Campbell was permitted to return to work following his injury of March 29, 1982. Plaintiff's claim that defendant Greyhound Lines, Inc., refused to permit plaintiff to return to work due to his race is, therefore, particularly suspect. Rather, the undisputed facts demonstrate that plaintiff was no longer qualified to work as a bus driver due to the restrictions as to lifting and bending imposed by his doctor. Plaintiff cannot, therefore, establish a *prima facie* case of discrimination based upon race and accordingly, defendant Greyhound Lines, Inc. is entitled to judgment as a matter of law.

 Even if the court assumes that plaintiff Campbell could establish a *prima facie* case of racial discrimination, defendant has articulated a legitimate non-discriminatory reason for not permitting plaintiff to return to work. Plaintiff is unable to perform the lifting and bending required

for his position as a bus driver and, therefore, plaintiff is no longer qualified to hold such position. Plaintiff must, therefore, in order to prevail, prove that the legitimate reason proffered by defendant was a pretext to mask discrimination. *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095. In the case before the court, plaintiff's only assertion of pretext is based upon the disparate treatment of the two white employees. This comparison is not, however, probative since the two white employees were, as is noted above, in different circumstances than plaintiff Campbell. Plaintiff Campbell cannot, therefore, prove that defendant's proffered reason for not permitting plaintiff to return to work was a pretext for racial discrimination. Accordingly, defendant is entitled to judgment as a matter of law.

 Plaintiff Campbell contends that defendant failed to fulfill its obligations under the collective bargaining agreement covering plaintiff. The provision of the agreement that plaintiff Campbell relies upon, however, is not applicable to the situation that existed between the parties. Plaintiff refers to Article CNS–11, Leaves of Absence, which applies to abuses by employees of approved leaves of absence. The provision of the agreement that applies to plaintiff, however, is Article A–27, Medical Examination. This provision provides that when an employee is disqualified from work by a physician, the employee or the Union

> "may within ten (10) days after such examination, make written request to the Company for further examination by two physicians, one of whom is to be selected and paid by the employee and the other by the Company." Exhibit B to Defendant's Reply Memorandum in Support of Defendant's Motion for Summary Judgment.

Plaintiff failed to make such written request for further examination and it was, therefore, plaintiff, rather than defendant, who failed to follow the collective bargaining agreement applicable to the instant case.

Finally, plaintiff contends that summary judgment is inappropriate due to the fact that discovery in this action has not yet been completed. Discovery has, however, ended in this case pursuant to this court's order for pretrial conference dated September 3, 1986.

Accordingly, it is

ORDERED AND ADJUDGED that defendant's motion for summary judgment (docket #26) is GRANTED pursuant to Rule 56 of the Federal Rules of Civil Procedure. There is no genuine issue of material fact in the case before the court and defendant is entitled to summary judgment as a matter of law.